The Honorable Judge Lasnik

# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>SALVADOR MORENO-MAGANA.,<br><br>               Defendant. | CASE NO.  CR04-113RSL<br><br>**ORDER** |

      THIS MATTER comes before the Court on Defendant's pro se motion seeking a reduction in sentence.

      In order to be eligible for a retroactive reduction, Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam).  Unless all criteria are met, a district court lacks jurisdiction to reduce the defendant's sentence because courts do not have inherent authority to alter a sentence once imposed.  *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Defendant Salvador Moreno-Magana, was sentenced on May 6, 2005, following his conviction of Conspiracy to Distribute Heroin, in violation of 21 U.SC. § 841(a)(1) and 841(b)(1)(B).  At that time, this Court calculated Defendant's Total Offense Level as Level 34, because he qualified as a career offender.  *See* PSR ¶ 26 (increasing the base offense level from 32 to 37 pursuant to USSG § 4B1.1(b), before reducing by three levels for acceptance of responsibility).  At Total Offense Level 34 and Criminal History category VI, the resulting career offender Guidelines range was 262-327 months.  This Court then varied downward significantly from that range, imposing a sentence of 164 months' imprisonment.

Following the recent amendments to the Sentencing Guidelines, Defendant's sentencing range has not changed at all.  This is because it was not based on a provision in § 2D1.1 which has been amended.  The career offender provisions of § 4B1.1 are unaffected by the recent amendments, and Defendant's offense level and resulting sentencing range remain exactly as they were at the time of sentencing.  Section 1B1.10 directs: "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  USSG § 1B1.10 (b)(1).  In Defendant's case, substitution of the amendments to USSG § 2D1.1 do not result in any change to his range.  Accordingly, Defendant does not meet the first requirement for eligibility for a reduction.

In addition, Defendant's sentence is already well below the applicable sentencing range, calculated using the amended Guidelines. Hence, even if he were eligible for some relief, the Court is not authorized to reduce his sentence below the low end of the range, which is a term of 262 months' imprisonment. For this reason too, Defendant is not eligible for a retroactive reduction based on Amendments 782 and 788.

Defendant's motion to reduce sentence, Dkt. 78, is DENIED.

Dated: August 11, 2015.

*[signature]*
Robert S. Lasnik
United States District Judge